**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **Criminal Action No.** |
| **vs.** | § | **3:19-CR-666-M** |
| | § | |
| **DEAVION HERNANDEZ** | § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION**

By *Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty*, filed August 10, 2020 (doc. 71), this matter has been referred for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why the defendant should not be detained under 18 U.S.C. § 3143(a)(2), and whether it has been shown by clear and convincing evidence that the defendant is likely to flee or pose a danger to any other person in the community if released under 18 U.S.C. § 3142(b) or (c).

Deavion Hernandez (Defendant) appeared in person and through counsel for a hearing on September 24, 2020.  After consideration of the filings, evidence, testimony, oral argument, and applicable law, including Defendant's concession that exceptional reasons do not exist, he is ordered detained.

## I.  BACKGROUND

Defendant was charged by indictment dated December 19, 2020, with interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2; and using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  (*See* doc. 1.)  He was arrested and made his initial appearance in this district on February 3, 2020, and after a detention hearing, he was released on conditions of pretrial release

on February 5, 2020.  (*See* docs. 34, 35.)  On June 18, 2020, the parties filed a plea agreement in which Defendant agreed to waive his rights and to plead guilty to interference with commerce by robbery. (*See* doc. 60.)  On July 7, 2020, Defendant appeared and entered his plea of guilty before a U.S. Magistrate Judge, who recommended that the guilty plea be accepted.  (*See* docs. 64-66.)  The recommendation provided notice that upon conviction, Defendant was subject to the mandatory detention provisions of 18 U.S.C. § 3143(a)(2), unless the Court made certain findings.  (*See* doc. 66.) The Court accepted the recommendation on August 10, 2020, and referred the matter for hearing and determination of whether Defendant had made the necessary showing to support the findings required for continued release.  (*See* doc. 67.)

At the hearing, Defendant orally stated that on the record that he understood he was required to show exceptional circumstances why he should not be ordered detained pending sentencing, and that he agreed with his attorney that none existed.

## II.  ANALYSIS

Section 3143(a)(2) of Title 18 mandates the detention of persons who have been found guilty of certain offenses and who are awaiting imposition or execution of sentence, except in certain limited circumstances.  It provides:

**(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--

**(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

**(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

**(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).  In addition, § 3145(c) provides that a person subject to mandatory detention

under this section may also be ordered released if the person meets the conditions of release in §

3143(a)(1)[1] and it is clearly shown that there are exceptional reasons why the person's detention would

not be appropriate.  *See* 18 U.S.C. § 3145(c); *see also U.S. v. Rothenbach*, 170 F.3d 183 (5th Cir.

1999) (*per curiam*).[2]

The offenses listed in § 3143(a)(2) for which detention is mandatory at this stage of the

proceedings described in § 3142(f)(1)(A)-(C) include crimes of violence, crimes with a life sentence,

and drug offenses for which a maximum term of imprisonment of ten years or more is prescribed in

the Controlled Substances Act, 21 U.S.C. 801 *et seq*.  In this case, Defendant has been found guilty

of a violent offense that falls within the ambit of § 3142(f)(1).  Accordingly, his detention pending

sentencing is mandatory unless he makes the showings required under § 3143(a)(2) or § 3145(c).

Although the Fifth Circuit Court of Appeals has not defined "exceptional circumstances" for

purposes of this statute, the Second Circuit has described it as "a unique combination of circumstances

giving rise to situations that are out of the ordinary", *United States v. DiSomma*, 951 F.2d 494, 497

(2d Cir. 1991).  The Eighth Circuit has explained that "'exceptional' means 'clearly out of the

ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation

---

[1]Section 3143 (a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found
> guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for
> whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term
> of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that
> the person is not likely to flee or pose a danger to the safety of any other person or the community if
> released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial
> officer shall order the release of the person in accordance with section 3142(b) or (c).

[2]In *U.S. v. Carr*, 947 F.2d 1239, 1240-41 (5th Cir. 1991), the Fifth Circuit explained that the "exceptional
reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and
was apparently designed to provide an avenue for exceptional discretionary relief from those provisions".  This
provision therefore also applies to the initial determination of whether detention is mandatory under § 3143(a)(2)
despite its inclusion in a section generally covering appeals.

omitted).  District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional.  *See U.S. v. Cyrus,* No. 10-0228-04, 2010 WL 5437247, *1-2 (W.D. La. Dec. 27, 2010) (need to attend to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *U.S. v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex.1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons).

As noted, Defendant concedes that there are no exceptional reasons why his detention would not be appropriate.  Accordingly, his detention pending sentencing is mandatory.

### III.  CONCLUSION

It is therefore ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal for further proceedings.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

Signed this 25th day of September, 2020.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4